848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R. Conway THOMPSON, et al., Plaintiffs-Appellees,
v.
CITY OF PONTIAC, et al., Defendants-Appellants.
 No. 87-1588.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1988.
 
 Before NATHANIEL R. JONES, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 R. Conway Thompson and other black police officers brought a class action against the City of Pontiac and its officials, which ultimately was settled by a consent judgment. Plaintiffs then sought attorneys fees under 42 U.S.C. Sec. 1988. The City resisted the full amount sought on the ground that the degree of success obtained was less than total, so that a reduction was required under Hensley v. Eckerhart, 461 U.S. 424 (1983). The district court reduced the hourly fee sought, and slightly reduced the number of hours claimed, but did not follow the mandate of Hensley to consider the extent to which plaintiff prevailed, and to "provide a concise but clear explanation of its reasons for the fee award." Id. at 437. Although we recognize that the determination of the exact amount of the attorneys fees owed on behalf of these plaintiffs (which even the City admits is justified to some extent) has been too long delayed, we are constrained to REVERSE and REMAND for a ruling by the district court in conformity with Hensley.
 
 
 2
 * On March 10, 1983, three black police officers employed by the City of Pontiac brought a class action suit against the City, Pontiac's mayor and police chief, claiming that the personnel policies of the police department were racially discriminatory. The suit was brought pursuant to 42 U.S.C. Secs. 1981, 1983 and 1985.
 
 
 3
 The complaint alleged that plaintiffs, on account of their race, were denied equal access to job opportunities within the police department, including hiring, promotion and service within specialized units of the department. They also claimed to have been "subjected to disproportionately severe disciplinary procedures" and to "racially disparaging remarks and gestures by white police officers."
 
 
 4
 The complaint sought five million dollars in compensatory damages and one million dollars in punitive damages. The plaintiffs sought injunctive relief, prohibiting discriminatory policies and requiring the adoption of uniform rules and regulations with respect to disciplinary procedures. They also sought the following remedial measures: preferential promotion of black police officers; backpay; frontpay for those officers who could not be promoted until positions were available; and rehiring of former black police officers who left the department due to discriminatory practices. Finally, the complaint asked for attorneys fees and costs.
 
 
 5
 The defendants denied the allegations. After some initial movement, the case stagnated. On March 13, 1986, plaintiffs moved for attorneys fees. According to the motion, attorneys fees were appropriate because of the time and effort expended in negotiating and reaching a consent judgment with the defendants. The City responded by arguing that attorneys fees were inappropriate because the consent judgment had not, as yet, received judicial approval and, in any event, the consent judgment provided for an affirmative action plan that was identical to that which the City had already bargained for in a new collective bargaining agreement with the police officers' union (Michigan Association of Police).
 
 
 6
 On August 22, 1986, the court certified the plaintiffs' class and then gave judicial approval to the consent judgment. The judgment stated in paragraph 22 that the district court would make a determination of attorneys fees to be paid by the City, after plaintiffs offered appropriate documentation.
 
 
 7
 The leading case on attorneys fees, where there is a question as to the degree of a party's success, is Hensley v. Eckerhart, 461 U.S. 424 (1983). There, the Supreme Court indicated that a plaintiff may be a prevailing party if successful on any significant issue in the litigation which achieves some of the benefit the party sought in bringing the suit. Id. at 433. The Court stated that the "lodestar" figure (hourly rate multiplied by hours expended) should establish a baseline, but the district court must also determine the "results obtained;" that is the extent to which the party prevailed in the litigation. The Court indicated that although there are various factors that might be involved, the district court "necessarily has discretion in making this equitable judgment." Id. at 437.
 
 
 8
 This discretion is not unlimited, however. The Court clearly stated "[w]hen an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Ibid.
 
 
 9
 Unfortunately, the district court's memorandum in this case is devoid of any indication that the court considered the extent to which the plaintiffs prevailed. It is true that the court's order includes the following sentence: "Defendants argue that Plaintiffs' entire fee should be reduced by two-thirds ( 2/3) due to Plaintiffs' limited success." Although this argument is noted, the court neither explicitly accepts nor rejects it, nor indicates in any way its opinion as to the degree of success obtained.
 
 
 10
 Although it is conceivable that this court could take the view that the district court's failure to discuss the contention, or to make any reduction on account of it, indicates that the district court was of the opinion that full success had been obtained or a full fee justified, we believe that such a result would be faithless to the Supreme Court's mandate. Such an inference from the absence of discussion certainly does not comport with the Supreme Court's directive "to provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. The award, therefore, cannot stand based on this order of the district court.
 
 II
 
 11
 Plaintiffs' attorney has raised on appeal an additional reason for affirming the district court judgment. Paragraph 22 of the consent judgment states that the district court "will make a determination as to a reasonable attorneys fee and the same shall be paid by the Defendant, City of Pontiac." The plaintiffs' attorney contended at oral argument that this paragraph meant that the City of Pontiac agreed to make no objection to any fee awarded by the district court. While such a construction is conceivable, it is not apparent from the words of the document, and was not agreed to by opposing counsel at oral argument. In absence of any record on this point in the district court, we are unable to pass on it here, but the contention may be renewed in the district court.
 
 
 12
 The award of attorneys fees is therefore REVERSED and REMANDED for expeditious disposition by the district court in accordance with Hensley v. Eckerhart and this opinion.